NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-69

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 7616

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, John Doe No. 7616, appeals from a judgment entered in the Superior Court affirming his classification by the Sex Offender Registry Board (SORB or board) as a level three sex offender. He contends that the board failed to show by clear and convincing evidence that he posed a high risk of reoffending. We affirm.

Due process requires that the board's sex offender risk classifications "must be established by clear and convincing evidence." Doe, Sex Offender Registry Bd. No. 380316 v. Sex Offender Registry Bd., 473 Mass. 297, 314 (2015). Classification decisions are guided by aggravating and mitigating factors, which "may be present to varying degrees in any individual case," and are used "to determine each sex offender's level of risk of reoffense and degree of

dangerousness posed to the public." 803 Code Mass. Regs. § 1.33 (2016). See also G. L. c. 6, § 178K (1) (a)-(l). "A reviewing court may set aside or modify SORB's classification decision where it determines that the decision is in excess of SORB's statutory authority or jurisdiction, violates constitutional provisions, is based on an error of law, or is not supported by substantial evidence." Doe, Sex Offender Registry Bd. No. 496501 v. Sex Offender Registry Bd., 482 Mass. 643, 649 (2019), citing G. L. c. 30A, § 14 (7). "Substantial evidence is 'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 632 (2011), quoting G. L. c. 30A, § 1 (6).

Doe was convicted of committing a sex offense involving his eight year old niece when he was twenty years old, of raping a fifteen year old girl when he was twenty-eight, and of repeatedly raping a fifteen year old girl when he was thirty-seven. The hearing examiner found that two high-risk factors applied with full weight. Factor 2, repetitive and compulsive behavior, 803 Code Mass. Regs. § 1.33(2) (2016), applied with "the most weight" because Doe committed sex offenses with the third victim after having been charged and incarcerated for sex crimes with the first two victims. Factor 3, adult offender with a child victim, 803 Code Mass. Regs. § 1.33(3) (2016),

2

applied with "increased weight" because all three victims were children, and one was prepubescent. The hearing examiner also found that seven risk-elevating factors applied. She applied factor 7, relationship between offender and victim, 803 Code Mass. Regs. § 1.33(7) (2016), because Doe was in a position of trust with respect to the first victim and because the third victim was extrafamilial, and she applied factor 19, level of physical contact, 803 Code Mass. Regs. § 1.33(19) (2016), because two of his offenses involved penetration of the victim's vagina. Focusing on Doe's sixty-one disciplinary reports while incarcerated, many of which involved violence against prison staff and other inmates, the hearing examiner applied factor 12, behavior while incarcerated or civilly committed, 803 Code Mass. Regs. § 1.33(12) (2016). She also found applicable factor 10, contact with criminal justice system; factor 11, violence unrelated to sexual assaults, factor 21, diverse victim type, and factor 22, number of victims. See 803 Code Mass. Regs. §§ 1.33(10), (11), (21), (22) (2016). Doe does not challenge the hearing examiner's application of any of the risk factors.

Doe does argue that because three risk-mitigating factors applied -- factor 28, supervision by probation or parole, factor 30, advanced age, and factor 34, materials submitted by the sex offender regarding stability in the community, 803 Code Mass. Regs. § 1.33(28), (30), (34) (2016) -- the board failed to meet

its burden of proving by clear and convincing evidence that a level three classification was warranted. However, the hearing examiner considered all three of those factors. Because Doe would be supervised for a ten-year term of probation, she considered factor 28 to mitigate his risk of reoffense and degree of dangerousness. See 803 Code Mass. Regs. § 1.33(28) ("An offender's risk of reoffense and degree of dangerousness are reduced while he is serving a term of community supervision"). She found that Doe qualified for factor 30 because of his "advanced age" of fifty-four, but did not give the factor its full weight because Doe was under sixty. See 803 Code Mass. Regs. § 1.33(30) ("the Board considers advanced age to have a significant mitigating effect when the offender is fifty years of age or older or, for those with child victims, when the offender is sixty years of age or older"). Finally, with respect to factor 34, the hearing examiner considered Doe's completion of many programs while he was in prison to be a mitigating factor, but because Doe had a significant history of noncompliance with the law, rules, and guidelines, both in prison and the community, she found that his completion of the programs in prison did not establish that he would be able to remain stable in the community. See 803 Code Mass. Regs. § 1.33(34) ("the Board shall give mitigating consideration to

4

materials submitted by the offender that demonstrate stability in the community").

The hearing examiner's decision balanced the relevant aggravating and mitigating factors and is supported by substantial evidence. Doe, in effect, argues that the hearing examiner gave too much weight to the high risk and risk-elevating factors, and too little weight to the risk-mitigating factors. "A hearing examiner has discretion . . . to consider which statutory and regulatory factors are applicable and how much weight to ascribe to each factor, and . . . a reviewing court is required to 'give due weight to [the examiner's] experience, technical competence, and specialized knowledge.'" Doe, Sex Offender Registry Bd. No. 68549 v. Sex Offender Registry Bd., 470 Mass. 102, 109-110 (2014), quoting G. L. c. 30A, § 14 (7). We discern no abuse of that discretion.

Judgment affirmed.

By the Court (Massing, Singh & Grant, JJ.[1]),

Assistant Clerk

Entered: May 14, 2024.

---

[1] The panelists are listed in order of seniority.

5